Carol Marie WILKERSON, Appellant,

v.

STATE of Texas, State.

No. 2–86–240–CR.

Court of Appeals of Texas,
Fort Worth.

June 11, 1987.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

OPINION

KELTNER, Justice.

This is a probation revocation case. Carol Wilkerson pled guilty and was sentenced to four years for taking a controlled substance into the Tarrant County jail. However, her sentence was suspended and she was placed on probation for the entire four years of her sentence. As a condition of probation, Wilkerson was ordered to serve 6 to 12 months in a restitution center. The trial court revoked probation on the ground that Wilkerson left the restitution center without permission. The court reduced the sentence and sentenced Wilkerson to three years in the Texas Department of Corrections. She appeals this revocation.

We affirm.

The State filed a petition to revoke Wilkerson's probation on a number of grounds, including an allegation that she left and remained away from the restitution center without permission. As a result of the petition to revoke, a capias was issued for Wilkerson's arrest. At the hearing, Wilkerson pled true to the allegation that she had left the restitution center without permission. As a result, the court revoked her probation solely on that ground.

Wilkerson contends that the capias, which formed the basis of her arrest, violates article I, section 9 of the Texas Constitution and the fourth amendment of the United States Constitution. Specifically, Wilkerson claims that the capias was not issued upon a finding of probable cause, supported by oath or affirmation. This appears to be a matter of first impression in Texas.

■ Unfortunately, this issue is raised for the first time on appeal. As a result, Wilkerson falls afoul of TEX.R.APP.P. 52, which requires an objection at the trial court as a prerequisite to complaint on appeal. One of the rationales for this rule is particularly applicable in this case. Since there was no objection at trial, none of the circumstances surrounding the issuing of the capias was developed in the trial court record. As a result, the error is waived.

Nonetheless, we believe Wilkerson's theory, while well thought out, is not well taken. She complains that her illegal incarceration led directly to her plea of true to the petition. We note at the time she entered her plea, Wilkerson was represented by counsel.

■ We also note that no evidence was seized from Wilkerson at the time of the arrest and no evidence was introduced against Wilkerson as a result of the arrest. In such circumstances, an illegal arrest or seizure of a person does not vitiate a conviction. *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Crim.App.1974). In *Stiggers,* the Court of Criminal Appeals distinguished the sanctions applied as a result of an unlawful search and seizure which produced evidence and an illegal arrest, stating:

> The sanction imposed against an unlawful search and seizure is the denial of admissibility of evidence seized in the unlawful search. Unlike an unreasonable search producing evidence offered to support a conviction, an arrest is not in itself an evidentiary element of a conviction. An unreasonable seizure of the person that does not produce evidence of culpability does not per se vitiate a conviction. This is particularly true where,

as here, there is no claim that any circumstance of the alleged illegal arrest led to appellant's conviction, the evidence supporting which is unchallenged.

*Id.* at 611.

■ In the instant case, no evidence was admitted at the revocation hearing as a result of the execution of the capias. Additionally, Wilkerson pled true to the facts that she left the restitution center without permission. The plea of true, standing alone, is sufficient to support the revocation of probation. We cannot say from this record whether the illegal arrest led to Wilkerson's conviction.

Accordingly, we overrule Wilkerson's sole point of error.

The judgment of the trial court is affirmed.