PERRY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-185-CR

JAMES CLAYTON PERRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

James Clayton Perry appeals from the trial court’s revocation of his probation for assault-family violence.  We affirm the trial court’s judgment.

FACTS

The trial court indicted appellant for assault-family violence as a repeater, third-degree felony, and the indictment notified appellant that the State intended to prove that he had been convicted of two prior felonies.  The State waived the enhancement allegations and appellant pled guilty to the third-degree felony.  The trial court imposed a punishment of three years’ probation. The trial court ordered appellant to report to the Department of Community Supervision and Corrections and to pay fees and court costs as part of his probation. 

The State subsequently filed a motion to revoke appellant’s probation, alleging that he had failed to report during certain months and failed to pay the required court costs, probation fees, and attorney’s fees.  Appellant pled true to the State’s allegations and the trial court permitted appellant to explain his failure to comply.  The trial court assessed appellant’s punishment at two years’ confinement.

ANDERS BRIEF 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that he submits the brief in compliance with the requirements of
 Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel’s brief meets the requirements of 
Anders
 by presenting a professional evaluation of the record demonstrating why no arguable grounds for relief exist.  
A copy of the brief was delivered to appellant, and appellant's attorney advised him of his right to examine the appellate record and to file a pro se brief.  Appellant failed to do so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders,
 this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if any arguable ground may be raised on the appellant’s behalf.  
Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
 
 We have reviewed the record in its entirety and have found that there is no reversible error.

We initially note that appellant may challenge only the revocation proceeding and not the original hearing at which he was placed on probation.  
See
 Tex. Code Crim. Proc. Ann. 
 art. 42.12, § 23(b) (Vernon Supp. 2004).  
When a defendant receives probation, but fails to appeal from that hearing in a timely and proper manner, he waives his right to appeal possible evidentiary  and other legal matters, except those that affect the trial court’s jurisdiction, such as fundamental defects in the indictment.  
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App.
 1999)
.  However, appellant’s failure to challenge the indictment prior to the guilty plea hearing waives his right to challenge it thereafter.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 
1.14(b); 
Studer v. State
, 799 S.W.2d 263, 267-73 (Tex. Crim. App. 1990).  Additionally, our independent review of the indictment reveals that the instrument was not fundamentally defective.
(footnote: 1)  Therefore, our independent review of the record is limited to a review of the revocation proceeding.  

INDEPENDENT REVIEW

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion.  
See Flournoy v. State
, 589 S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979).  The trial court does not abuse its discretion unless it applies an erroneous legal standard, or when no reasonable view of the record could support its conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion.
  See Saenz v. State,
 17 S.W.3d 403, 405-06 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.).

Proof of any one alleged violation is sufficient to support an order revoking probation. 
 O'Neal v. State
, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).  Here, appellant pled “true” to the allegations.
(footnote: 2)  A “plea of true, standing alone, is sufficient to support the revocation of probation.”  
Wilkerson v. State
, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.).  Because appellant pled true to the allegations and because his plea to any one was sufficient to revoke probation, the trial court did not abuse its discretion in finding that appellant violated the terms of his community supervision.  

Appellant’s two year sentence for assault-family violence, a third-degree felony, is within the statutorily permissible range. 
 See
 
Tex. Pen. Code Ann.
 § 12.34 (Vernon 2003).  A sentence within the statutorily permissible range is not an abuse of discretion.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  

Our independent review of the record compels us to agree with counsel’s professional determination that an appeal of appellant’s probation revocation would be frivolous.  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
The indictment charges appellant by name, using the statutory language of penal code sections 
22.01(a)(1), (b)(2), 
and alleges, with pertinent mental states, that appellant caused bodily injury to a family member and the manner and means used to commit the offense.  
Tex. Pen. Code Ann.
 § 22.01(a)(1), (b)(2) (Vernon Supp. 2004)
.  It also alleged enhancement offenses, which were waived by the State at the hearing.

2:
The record reveals that appellant’s pleas were knowing and voluntary.  He states in the written admonishments that he was aware of the consequences of pleading true, and that his “plea [was] freely and voluntarily entered.”