COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-185-CR
   
JAMES CLAYTON PERRY                                                       APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 3 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        James 
Clayton Perry appeals from the trial court’s revocation of his probation for 
assault-family violence. We affirm the trial court’s judgment.
FACTS
        The 
trial court indicted appellant for assault-family violence as a repeater, 
third-degree felony, and the indictment notified appellant that the State 
intended to prove that he had been convicted of two prior felonies. The State 
waived the enhancement allegations and appellant pled guilty to the third-degree 
felony. The trial court imposed a punishment of three years’ probation. The 
trial court ordered appellant to report to the Department of Community 
Supervision and Corrections and to pay fees and court costs as part of his 
probation.
        The 
State subsequently filed a motion to revoke appellant’s probation, alleging 
that he had failed to report during certain months and failed to pay the 
required court costs, probation fees, and attorney’s fees. Appellant pled true 
to the State’s allegations and the trial court permitted appellant to explain 
his failure to comply. The trial court assessed appellant’s punishment at two 
years’ confinement.
ANDERS BRIEF
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel states that he submits 
the brief in compliance with the requirements of Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel’s brief meets the requirements of 
Anders by presenting a professional evaluation of the record 
demonstrating why no arguable grounds for relief exist. A copy of the brief was 
delivered to appellant, and appellant's attorney advised him of his right to 
examine the appellate record and to file a pro se brief. Appellant failed to do 
so.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for the appellant to see if any arguable 
ground may be raised on the appellant’s behalf. Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the record in its 
entirety and have found that there is no reversible error.
        We 
initially note that appellant may challenge only the revocation proceeding and 
not the original hearing at which he was placed on probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 
2004). When a defendant receives probation, but fails to appeal from that 
hearing in a timely and proper manner, he waives his right to appeal possible 
evidentiary and other legal matters, except those that affect the trial 
court’s jurisdiction, such as fundamental defects in the indictment. Manuel 
v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). However, appellant’s 
failure to challenge the indictment prior to the guilty plea hearing waives his 
right to challenge it thereafter. See Tex. Code Crim. Proc. Ann. art. 1.14(b); 
Studer v. State, 799 S.W.2d 263, 267-73 (Tex. Crim. App. 1990). 
Additionally, our independent review of the indictment reveals that the 
instrument was not fundamentally defective.[1]  
Therefore, our independent review of the record is limited to a review of the 
revocation proceeding.
INDEPENDENT REVIEW
        Appellate 
review of an order revoking probation is limited to a determination of whether 
the trial court abused its discretion. See Flournoy v. State, 589 S.W.2d 
705, 709 (Tex. Crim. App. [Panel Op.] 1979). The trial court does not abuse its 
discretion unless it applies an erroneous legal standard, or when no reasonable 
view of the record could support its conclusion under the correct law and the 
facts viewed in the light most favorable to its legal conclusion. See Saenz 
v. State, 17 S.W.3d 403, 405-06 (Tex. App.—Houston [1st Dist.] 
2000, no pet.).
        Proof 
of any one alleged violation is sufficient to support an order revoking 
probation. O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). 
Here, appellant pled “true” to the allegations.[2]  
A “plea of true, standing alone, is sufficient to support the revocation of 
probation.” Wilkerson v. State, 731 S.W.2d 752, 753 (Tex. App.—Fort 
Worth 1987, no pet.). Because appellant pled true to the allegations and because 
his plea to any one was sufficient to revoke probation, the trial court did not 
abuse its discretion in finding that appellant violated the terms of his 
community supervision.
        Appellant’s 
two year sentence for assault-family violence, a third-degree felony, is within 
the statutorily permissible range. See Tex. Pen. Code Ann. § 12.34 (Vernon 
2003). A sentence within the statutorily permissible range is not an abuse of 
discretion. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).
        Our 
independent review of the record compels us to agree with counsel’s 
professional determination that an appeal of appellant’s probation revocation 
would be frivolous. Accordingly, we grant counsel’s motion to withdraw and 
affirm the trial court’s judgment.
 
                                                                  PER 
CURIAM
  
   
PANEL F:   LIVINGSTON, 
J.; CAYCE, C.J.; and DAUPHINOT, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 22, 2004

 
NOTES
1. The 
indictment charges appellant by name, using the statutory language of penal code 
sections 22.01(a)(1), (b)(2), and alleges, with pertinent mental states, that 
appellant caused bodily injury to a family member and the manner and means used 
to commit the offense. Tex. Pen. Code 
Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2004). It also alleged 
enhancement offenses, which were waived by the State at the hearing.
2. The record 
reveals that appellant’s pleas were knowing and voluntary. He states in the 
written admonishments that he was aware of the consequences of pleading true, 
and that his “plea [was] freely and voluntarily entered.”