JOSEPH GLENN CARTE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-324-CR

JOSEPH GLENN CARTE A/K/A APPELLANT

JOSEPH CARTE

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION

Joseph Glenn Carte a/k/a Joseph Carte (“Carte”) appeals from the trial court's order revoking his probated sentence for aggravated sexual assault. 
Counsel on appeal has filed an 
Anders
(footnote: 2) brief.  
We grant counsel’s motion to withdraw and affirm the trial court’s judgment.

II.  B
ACKGROUND
 

A jury found Carte guilty of aggravated sexual assault and sentenced him to eight years’ confinement, probated for ten years, and an eight-thousand dollar fine.
(footnote: 3)  T
he State subsequently filed a petition for revocation, alleging that Carte 
failed to report to his probation officer during certain months and years and left the county without permission
.  On
 April 21, 2003, Carte pled true to the State’s allegations.  Relying on Carte’s pleas of true, the State did not present any evidence.  Carte’s mother testified on her son’s behalf.  The hearing was then recessed to await the report of a psychologist on the issue of Carte’s mental health.

The hearing resumed on August 14, 2003, at which time Carte testified on his own behalf.  After again admitting to violating the terms of his probation, Carte told the court that if his probation was reinstated, he would comply with the conditions.  At the conclusion of the hearing, the trial court found that Carte had violated the terms and conditions of his probation, entered an order revoking his probation, and imposed the original sentence.  Carte 
later filed a general notice of appeal. 

On appeal, Carte
’s court-appointed counsel 
filed a motion to withdraw and an 
Anders
 brief.  The brief meets the requirements of 
Anders
 by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced. 
 See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.). 
Carte, proceeding pro se, filed a document with this court that consists of fifty-eight declarative statements asserting that he can prove various factual allegations, most of which relate to his original conviction
. 

III.  I
NDEPENDENT
 R
EVIEW

As the reviewing court, we are required to undertake an independent evaluation of the 
record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923
.
 
 We have reviewed the record in its entirety and have found that there is no reversible error.  

We initially note that Carte may challenge only the revocation proceeding and not the original conviction that resulted in probation. 
 See
 T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 42.12, § 23(b) (Vernon Supp. 2004).  The only exception to this rule is the “void judgment” exception.  
Nix v. State
, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001).  As the Texas Court of Criminal appeals has explained 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.

Id
. at 668.  

Our review of the record reveals no jurisdictional defects.  The trial court had 
jurisdiction over this case.  
See
 
Tex Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the trial court and provided Carte with sufficient notice.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  
Finally, the Amarillo Court of Appeals has already concluded that the evidence is sufficient to support Carte’s original conviction and that Carte had legal counsel that provided him effective assistance at trial.  
See 
Carte
, No. 07-98-0082-CR, 1999 WL 26929, at *4, *6.  Having concluded that the “void judgment” exception does not apply to Carte, we now turn to the revocation proceeding. 

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. 
 See Flournoy v. State
, 589 S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979).
 
 The trial court does not abuse its discretion unless it applies an erroneous legal standard or when no reasonable view of the record could support its conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. 
 See Saenz v. State
, 17 S.W.3d 403, 405-06 (Tex. App.—Houston [1st
 Dist.] 2000, no pet.). 
 
Proof of any one alleged violation is sufficient to support an order revoking probation. 
 O’Neal v. State
, 623 S.W.2d 660, 661 (Tex. Crim App. 1981).  A “plea of true, standing alone, is sufficient to support the revocation of probation.”  
Wilkerson v. State
, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.) 

Here, Carte knowingly and voluntarily pled “true” to both of the State’s allegations.
 
 Because Carte pled true to the allegations and because his plea to any one allegation was sufficient to revoke probation, the trial court did not abuse its discretion in finding that he violated the terms of his probation.  Moreover, Carte's eight year sentence and eight-thousand dollar fine for aggravated sexual assault is within the statutorily permissible range.  
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).  Finally, there is no evidence that Carte was denied effective assistance of counsel during the revocation proceedings.  
See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).

IV.  C
ARTE’S
 P
RO
 S
E
 B
RIEF

Carte’s purported pro se brief, which consists of fifty-eight declarative statements asserting that “[he] can prove” various factual allegations, is, even construed liberally, facially insufficient to meet the briefing requirements of the Texas Rules of Appellate Procedure.  
See 
Tex. R. App. P.
 38.1, 38.9.  A pro se appellant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure.  
Kindley v. State
, 879 S.W.2d 261, 264 (Tex. App.—Houston [14th
 Dist.] 1994, no pet.).  Out of the nine sections required in an appellant’s brief,
(footnote: 4) the letter contains only the prayer, which is written in French. 
 See 
Tex. R. App. P.
 38.1.  Most detrimentally, the document fails to allege any specific points or issues or provide any argument supported by references to the appellate record.  
See 
Tex. R. App. P. 
38.1(e), (h).  Therefore, we hold that Carte’s pro se brief fails to raise any sufficient points or arguments on appeal, and is overruled.  
See id
.

V.  C
ONCLUSION 

After independently reviewing the record and overruling Carte’s pro se brief, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the judgment of the trial court.

PER CURIAM 

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
After this court transferred the case, the Amarillo Court of Appeals affirmed Carte’s conviction in an unpublished opinion.
  See Carte v. State
, No. 07-98-0082-CR, 1999 WL 26929, at *6 (Tex. App.—Amarillo Jan. 25, 1999, pet. ref’d) (not designated for publication).

4:
In a criminal case, Rule 38.1 requires that the appellant’s brief contain the following:  identity of the parties and counsel, table of contents, index of authorities, statement of the case, issues presented, statement of facts, summary of the argument, argument, and prayer.  
Tex. R. App. P.
 38.1.