COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-324-CR
  
  
JOSEPH 
GLENN CARTE A/K/A                                                APPELLANT
JOSEPH 
CARTE
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. 
INTRODUCTION
        Joseph 
Glenn Carte a/k/a Joseph Carte (“Carte”) appeals from the trial court's 
order revoking his probated sentence for aggravated sexual assault. Counsel on 
appeal has filed an Anders[2]  
brief.  We grant counsel’s motion to withdraw and affirm the trial 
court’s judgment.
II. BACKGROUND
        A 
jury found Carte guilty of aggravated sexual assault and sentenced him to eight 
years’ confinement, probated for ten years, and an eight-thousand dollar fine.[3]  The State subsequently filed a petition for 
revocation, alleging that Carte failed to report to his probation officer during 
certain months and years and left the county without permission.  On April 
21, 2003, Carte pled true to the State’s allegations.  Relying on 
Carte’s pleas of true, the State did not present any evidence.  Carte’s 
mother testified on her son’s behalf.  The hearing was then recessed to 
await the report of a psychologist on the issue of Carte’s mental health.
        The 
hearing resumed on August 14, 2003, at which time Carte testified on his own 
behalf.  After again admitting to violating the terms of his probation, 
Carte told the court that if his probation was reinstated, he would comply with 
the conditions.  At the conclusion of the hearing, the trial court found 
that Carte had violated the terms and conditions of his probation, entered an 
order revoking his probation, and imposed the original sentence.  Carte 
later filed a general notice of appeal.
        On 
appeal, Carte’s court-appointed counsel filed a motion to withdraw and an Anders 
brief.  The brief meets the requirements of Anders by presenting a 
professional evaluation of the record and demonstrating why there are no 
arguable grounds of error to be advanced.  See Mays v. State, 904 
S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Carte, 
proceeding pro se, filed a document with this court that consists of fifty-eight 
declarative statements asserting that he can prove various factual allegations, 
most of which relate to his original conviction.
III. INDEPENDENT 
REVIEW
        As 
the reviewing court, we are required to undertake an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  We have reviewed 
the record in its entirety and have found that there is no reversible error.
        We 
initially note that Carte may challenge only the revocation proceeding and not 
the original conviction that resulted in probation.  See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 
2004).  The only exception to this rule is the “void judgment” 
exception. Nix v. State, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 
2001).  As the Texas Court of Criminal appeals has explained
 
A 
judgment of conviction for a crime is void when (1) the document purporting to 
be a charging instrument (i.e. indictment, information, or complaint) does not 
satisfy the constitutional requisites of a charging instrument, thus the trial 
court has no jurisdiction over the defendant, (2) the trial court lacks subject 
matter jurisdiction over the offense charged, such as when a misdemeanor 
involving official misconduct is tried in a county court at law, (3) the record 
reflects that there is no evidence to support the conviction, or (4) an indigent 
defendant is required to face criminal trial proceedings without appointed 
counsel, when such has not been waived, in violation of Gideon v. Wainwright.
 
Id. 
at 668.
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over this case.  See Tex Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004).  Further, the indictment conferred jurisdiction on the 
trial court and provided Carte with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  Finally, the 
Amarillo Court of Appeals has already concluded that the evidence is sufficient 
to support Carte’s original conviction and that Carte had legal counsel that 
provided him effective assistance at trial.  See Carte, No. 
07-98-0082-CR, 1999 WL 26929, at *4, *6.  Having concluded that the “void 
judgment” exception does not apply to Carte, we now turn to the revocation 
proceeding.
        Appellate 
review of an order revoking probation is limited to a determination of whether 
the trial court abused its discretion.  See Flournoy v. State, 589 
S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979).  The trial court does 
not abuse its discretion unless it applies an erroneous legal standard or when 
no reasonable view of the record could support its conclusion under the correct 
law and the facts viewed in the light most favorable to its legal 
conclusion.  See Saenz v. State, 17 S.W.3d 403, 405-06 (Tex. 
App.—Houston [1st Dist.] 2000, no pet.).  Proof of any one alleged 
violation is sufficient to support an order revoking probation.  O’Neal 
v. State, 623 S.W.2d 660, 661 (Tex. Crim App. 1981).  A “plea of 
true, standing alone, is sufficient to support the revocation of 
probation.”  Wilkerson v. State, 731 S.W.2d 752, 753 (Tex. 
App.—Fort Worth 1987, no pet.)
        Here, 
Carte knowingly and voluntarily pled “true” to both of the State’s 
allegations.  Because Carte pled true to the allegations and because his 
plea to any one allegation was sufficient to revoke probation, the trial court 
did not abuse its discretion in finding that he violated the terms of his 
probation.  Moreover, Carte's eight year sentence and eight-thousand dollar 
fine for aggravated sexual assault is within the statutorily permissible 
range.  Tex. Penal Code Ann. 
§ 12.32 (Vernon 2003).  Finally, there is no evidence that Carte was 
denied effective assistance of counsel during the revocation proceedings.  See 
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).
IV. CARTE’S PRO SE BRIEF
        Carte’s 
purported pro se brief, which consists of fifty-eight declarative statements 
asserting that “[he] can prove” various factual allegations, is, even 
construed liberally, facially insufficient to meet the briefing requirements of 
the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 38.1, 38.9.  A pro 
se appellant is held to the same standards as a licensed attorney and must 
comply with applicable laws and rules of procedure.  Kindley v. State, 
879 S.W.2d 261, 264 (Tex. App.—Houston [14th Dist.] 1994, no pet.).  Out 
of the nine sections required in an appellant’s brief,[4] 
the letter contains only the prayer, which is written in French.  See 
Tex. R. App. P. 38.1.  Most 
detrimentally, the document fails to allege any specific points or issues or 
provide any argument supported by references to the appellate record.  See 
Tex. R. App. P. 38.1(e), 
(h).  Therefore, we hold that Carte’s pro se brief fails to raise any 
sufficient points or arguments on appeal, and is overruled.  See id.
V. CONCLUSION
        After 
independently reviewing the record and overruling Carte’s pro se brief, we 
agree with appellate counsel’s determination that any appeal from this case 
would be frivolous.  Accordingly, we grant appellate counsel’s motion to 
withdraw and affirm the judgment of the trial court.
  
  
                                                                  PER 
CURIAM
 
  
PANEL 
F:   MCCOY, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
After this court transferred the case, the Amarillo Court of Appeals affirmed 
Carte’s conviction in an unpublished opinion. See Carte v. State, No. 
07-98-0082-CR, 1999 WL 26929, at *6 (Tex. App.—Amarillo Jan. 25, 1999, pet. 
ref’d) (not designated for publication).
4.  
In a criminal case, Rule 38.1 requires that the appellant’s brief contain the 
following: identity of the parties and counsel, table of contents, index of 
authorities, statement of the case, issues presented, statement of facts, 
summary of the argument, argument, and prayer. Tex. R. App. P. 38.1.