

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00082-CR

TARVARUS DEANDRE STUCKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1103963D, Honorable Everett Young, Presiding

August 20, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Tarvarus Deandre Stuckey, appellant, appeals his conviction for aggravated robbery. Appellant pled guilty and was placed on ten years deferred adjudication community supervision. Subsequently, the State moved to adjudicate appellant's guilt, and a hearing was held on the matter. At the hearing, appellant pled true to the remaining allegations in the State's second amended petition to proceed to adjudication after the State waived three allegations. *See Wilkerson v. State,* 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.) (stating that a plea of true, standing alone, is

sufficient to support the revocation of probation). The trial court adjudicated appellant guilty and sentenced him to twenty years in prison.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* Counsel, further, advised that he provided the record to appellant for preparation of a *pro se* response, if any. By letter, this court also notified appellant of his right to file his own brief or response by August 1, 2014, if he wished to do so. To date, no response has been received.

Per the obligation imposed on this court via *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), we reviewed the record to assess the accuracy of appellate counsel's representation. Our review uncovered an arguable issue. It pertains to the $6,216.00 in "reparations" which appellant was ordered to pay. Of what the term "reparations" consists is unclear, as is the exact source of the $6,216.00 payable by appellant as "reparations."

Because the opinion expressed by appellant's currently appointed attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw. We further abate the appeal and remand the cause to the 297th District Court of Tarrant County. *See Stafford v. State*, 813 S.W.2d at 511. Upon remand, the trial court shall appoint, by September 5, 2014, new counsel to represent appellant in this

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

appeal. Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript. That transcript shall be filed by the trial court with the clerk of this court on or before September 5, 2014.

Finally, the trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable ground pertaining to "reparations," and all other grounds that might support reversal or modification of the judgment. The deadline for filing the appellant's brief with the clerk of this court is 30 days from the date of appointment. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of the appellant's brief.

It is so ordered.

Per Curiam

Do not publish.