

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00071-CR

COREENA RICHARDSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-4444-12-08, Honorable Kregg Hukill, Presiding

July 18, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On August 7, 2012, appellant, Coreena Richardson, pled guilty to the offense of enticing a child with the intent to commit a felony and was placed on deferred adjudication community supervision for a period of six years and assessed a $2,000 fine. In May of 2016, the State filed a motion to proceed to adjudication alleging that appellant had committed six violations of the terms and conditions of her community supervision. In October of 2016, appellant pled true to each violation alleged by the State. The trial court sentenced appellant to thirty days' incarceration, 160 additional hours of community

service, a $500 sanction fee, and extended her term of community supervision an additional three years. Within days of appellant being released from jail, the State filed a motion to proceed to adjudication alleging two violations of the terms and conditions of her community supervision. The State subsequently amended the motion to add three more alleged violations. At the February 22, 2017 hearing on the motion, appellant pled true to a failure to report violation but not true to the remaining alleged violations. After hearing evidence, the trial court found four of the six alleged violations to be true and adjudicated appellant guilty. After hearing punishment evidence, the trial court sentenced appellant to eight years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and an $848.81 fine. Appellant timely filed notice of appeal of the trial court's judgment and sentence. We will affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw from the representation supported by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can arguably be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of her motion to withdraw; provided appellant a copy of the motion, *Anders* brief, and a motion for pro se access to the appellate record; and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's

obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant did not file a pro se response. The State did not file a brief.

By her *Anders* brief, counsel discusses three areas of the motion to proceed to adjudication process where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

In the present case, appellant pled guilty to the original enticing a child allegation and was placed on deferred adjudication community supervision. Appellant did not appeal the trial court's deferral of adjudication. When her community supervision was extended on her pleas of true to multiple violations, appellant again did not appeal. At the February 22, 2017 hearing, appellant pled true to one of the violations alleged by the State in its motion to proceed to adjudication. A plea of "true" to any of the alleged violations contained in the State's motion to proceed is sufficient to support the trial court's order revoking community supervision. *Maddox v. State*, No. 02-08-00020-CR, 2009 Tex. App. LEXIS 595, at *10 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication) (citing *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd), *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.), and *Wilkerson v. State*, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.)).

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.  We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.  *See* TEX. R. APP. P. 43.2(a).


                                              Judy C. Parker
                                                 Justice


Do not publish.