

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00241-CR
No. 07-17-00242-CR

GAVIN SCOTT KERR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 26,716-B Counts I and II, Honorable John B. Board, Presiding

October 30, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

On February 6, 2017, appellant, Gavin Scott Kerr, pled guilty pursuant to a plea bargain on both counts of an indictment alleging that he had committed the offenses of burglary of a building[1] and possession of a controlled substance, penalty group two, in an amount less than one gram.[2] In compliance with the plea bargain, the trial court deferred

---

[1] See TEX. PENAL CODE ANN. § 30.02(a)(3) (West Supp. 2018).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.116(a), (b) (West 2017).

adjudication of guilt and placed appellant on community supervision for a period of three years and assessed a $2,000 fine. On May 16, 2017, the State filed a motion to proceed to adjudication alleging that appellant had committed six violations of the terms and conditions of his community supervision. At a hearing on the motion held on June 28, 2017, the State waived the first three alleged violations and appellant pled true to the three remaining violations alleged by the State. After hearing punishment evidence, the trial court sentenced appellant on each count to twenty-four months' incarceration in a state jail facility. The trial court also reassessed the original $2,000 fine. Appellant timely filed notice of appeal. In presenting this appeal, appellant's counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion, modify the judgment, and affirm the judgment as modified.

In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can arguably be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgments. Counsel notified appellant by letter of her motion to withdraw; provided appellant a copy of the motion, *Anders* brief, and the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

response to counsel's *Anders* brief. Appellant did not file a pro se response. The State did not file a brief.

By her *Anders* brief, counsel discusses six areas of the motion to proceed to adjudication process where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

In the present case, appellant pled guilty to the original allegations and was placed on deferred adjudication community supervision. Appellant did not appeal the trial court's deferral of adjudication. At the June 28, 2017 hearing, appellant pled true to three of the violations alleged by the State in its motion to proceed to adjudication. A plea of "true" to any of the alleged violations contained in the State's motion to proceed is sufficient to support the trial court's order revoking community supervision. *Maddox v. State*, No. 02-08-00020-CR, 2009 Tex. App. LEXIS 595, at *10 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for publication) (citing *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd), *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.), and *Wilkerson v. State*, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.)).

However, as raised by appointed counsel, the judgments for both counts state that appellant "violated the terms and conditions of community supervision as set out in the

State's **ORIGINAL** Motion to Adjudicate Guilt as follows: PARAGRAPHS 1-6." But, the reporter's record reflects that the State waived its allegations contained in paragraphs one, two, and three. We are authorized to modify an incorrect judgment when the evidence necessary to correct it appears in the record. *Weatherly v. State*, No. 07-16-00189-CR, 2017 Tex. App. LEXIS 3084, at *4-5 (Tex. App.—Amarillo Mar. 31, 2017, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2(b), *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993), and *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)).

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for reversal. However, we reform the portion of the judgments to reflect that appellant violated the terms and conditions of his community supervision as alleged in paragraphs four through six of the State's Original Motion to Adjudicate Guilt. As modified, we affirm the trial court's judgment and grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(b).

Judy C. Parker
Justice

Do not publish.

---

[4] Even though appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which provides that counsel shall within five days after this opinion is handed down, send appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.