Jerry O'NEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 68000.

Court of Criminal Appeals of Texas.

Nov. 18, 1981.

John Hand, Marlin, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of felony theft and placed on probation on May 1, 1980. On October 23, 1980, appellant's probation was revoked. Appellant now appeals the revocation of his probation.

■ Appellant initially complains that the trial court erred in denying his motion for a continuance of the hearing on the motion to revoke. The motion for continuance was oral. Article 29.03, V.A.C.C.P., states:

"A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary."

An oral motion for continuance presents nothing for review. *Ford v. State*, 500 S.W.2d 827 (Tex.Cr.App.1973).

■ Next, appellant contends that the proof was insufficient to prove the state crime of burglary which the State had alleged as one of the violations of his probationary conditions. Appellant contends that the burglary of a federal post office is violative only of federal law and may not be prosecuted under the Texas state law prohibiting burglary.

In replying to a similar contention, this Court has said:

"... where there is a state statute and a federal statute covering the same offense, and the state courts and the federal courts alike have jurisdiction, the accused can be prosecuted in either of said jurisdictions and he does not have the right to select...." *Rives v. State*, 107 Tex.Cr.App. 370, 296 S.W.2d 576 (1926).

*State v. Boerner*, 279 Minn. 490, 157 N.W.2d 40 (1968), upheld a state prosecution of a burglary of a post office building. *Bowling v. Slayton*, 344 F.Supp. 650 (W.Va. 1972), was a federal habeas corpus action in which the petitioner had been convicted in state court of burglary. The building burglarized was a United States post office. The petitioner cited 18 U.S.C., Section 2115, which provided:

"Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The petitioner claimed that the state court was without jurisdiction to prosecute him for burglarizing a post office. The federal court rejected this argument and said that the state court could entertain prosecution for the valid state crime of burglary, even if the burglarized building was a federal post office. See also, *Farley v. United States*, 381 F.2d 357 (5th Cir. 1967), cert. denied 389 U.S. 942, 88 S.Ct. 303, 19 L.Ed.2d 295 (1967). Appellant's claim is without merit.

■ The State had alleged that the appellant had violated his probation by failing to report in June, July and August of 1980 before the seventh of the month as ordered by the probationary conditions. Appellant contends that the evidence was insufficient to prove this allegation.

Even if appellant were correct in his argument, no abuse of discretion is shown in revoking appellant's probation because proof of any violation of the terms of probation will support an order revoking probation. *Roberson v. State*, 485 S.W.2d 795 (Tex.Cr.App.1972); *Champion v. State*, 590 S.W.2d 495 (Tex.Cr.App.1979); *Gobell v. State*, 528 S.W.2d 223 (Tex.Cr.App.1975).

The order revoking probation is affirmed.