Robert Morris **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–83–0861–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 21, 1984.

W.W. Vance, Vance, Bruchez & Goss, Bryan, for appellant.

Margaret Lalk, Bryan, for appellee.

Before EVANS, C.J., and WARREN and BULLOCK, JJ.

## OPINION

EVANS, Chief Justice.

In 1975, appellant pleaded guilty to felony theft and was sentenced to 10 years, probated. In 1983, the State filed a motion to revoke probation, alleging a conviction for unlawfully carrying a weapon and two other violations of appellant's conditions of probation. After a hearing, the trial court revoked appellant's probation and sentenced him to 10 years confinement. He brings a single ground of error on appeal, challenging the sufficiency of the evidence to revoke his probation.

Appellant's probation officer testified that she discussed with appellant the terms of his probation in February of 1982, and explained to him, among other things, that he was to commit no offenses against the state.

The assistant county attorney who prosecuted appellant on the charge of unlawfully carrying a weapon testified as to that conviction. A copy of the judgment was introduced into evidence without objection, as was a copy of the plea bargain agreement in that case.

Appellant's attorney at the trial for unlawfully carrying a weapon testified that he was aware that appellant was on probation when he arranged the plea bargain in that case. The defense counsel then asked:

Q. Okay. Mr. Barron, when you worked out this plea agreement, did you take into consideration that he was at that time currently on felony probation?

A. Certainly.

Q. Okay. And did you have discussions with any members of the District Attorney's office or the Probation Department in determining whether or not you should plead or not plead Robert Williams?

A. *I don't have any independent recollection of it,* Mr. Vance. I have a notation in my file that on—I have read my note 2–15–83, Probation and D.A. indicate no MTR, Defendant been on probation eight years.

Q. Okay. And you don't remember specifically who you talked to?

A. Not—

Q. If you don't know, I don't expect you to guess.

A. *I can't recall the individuals I talked to.* I also possibly may have talked to the Assistant County Attorney about the case or talked to the Probation Department.

Q. Do you know if you relayed this information to Mr. Williams?

A. I'm sure I advised him of what they told me.

Q. Okay. And that was your opinion ... that they would not revoke Mr. Williams' probation if he entered a plea agreement to unlawfully carrying weapon; is that correct?

A. Mr. Vance, with a man on felony probation, *I just don't believe I would have pled him out* unless I was certain that no Motion to Revoke would be filed. (emphasis added)

On cross-examination, the witness testified that he would have been incompetent as a lawyer had he not reached an understanding with the district attorney's office not to revoke appellant's probation before pleading to the weapons charge.

Appellant testified that he was unaware in September of 1982 that it was a violation of his probation to carry a weapon. He also testified that he understood the charges would not be used to revoke his probation.

■ The burden of proof in a probation revocation proceeding lies on the State to prove, by a preponderance of the evidence, that the probationer has violated some condition of his probation. We must view the evidence presented at the hearing in the light most favorable to the verdict, and it is not our function to second-guess the trial court's decision regarding the credibility of the witnesses. *Garrett v. State,* 619 S.W.2d 172 (Tex.Crim.App.1981). If any of the violations are supported by the evidence, the order revoking probation will be upheld. *O'Neal v. State,* 623 S.W.2d 660 (Tex.Crim.App.1981).

■ Appellant's trial attorney could not recall with specificity any details of the alleged agreement he obtained from the State to refrain from moving to revoke appellant's probation, and the trial court was entitled to believe that no such agreement existed. The evidence of the conviction for unlawfully carrying a weapon was otherwise undisputed. Since the trial court could have revoked appellant's probation based entirely on this violation of his conditions of probation, we need not discuss the other contentions in the motion to revoke.

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.

Publish.Tex.R.Crim.App.P. 207.