NO. 12-01-00014-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS





DAVID ENOS,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS







 David Enos ("Appellant") appeals the revocation of his community supervision. Following 
the revocation, the trial court sentenced Appellant to imprisonment for two years. Appellant raises
four issues on appeal. We affirm.


Background

 Appellant pleaded guilty to and was convicted of unauthorized use of a motor vehicle in
September 1998 and was sentenced to imprisonment for two years. The trial court suspended
Appellant's sentence and placed Appellant on community supervision for five years. Appellant was
also under community supervision in Tarrant County, Texas during the relevant time period. As a
condition of Appellant's community supervision, paragraph D of the trial court's order stated:


 IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court the imposition of sentence
herein be and the same is hereby suspended and Defendant is placed on community supervision for the period
set forth above, during which term, Defendant shall comply with the following terms and conditions. 


. . .


 D. REPORT, IN PERSON, TO THE APPROPRIATE COMMUNITY SUPERVISION
OFFICER AT THE COMMUNITY SUPERVISION AND CORRECTIONS
DEPARTMENT IN CROCKETT, HOUSTON COUNTY, TEXAS OR AT SUCH OTHER
LOCATION AS MAY BE REQUIRED BY THE COMMUNITY SUPERVISION
OFFICER ASSIGNED THIS CASE, BEGINNING IMMEDIATELY AND AT LEAST
ONCE EACH CALENDAR MONTH BETWEEN THE FIRST AND TENTH DAY OF
THE MONTH, DURING REGULAR BUSINESS HOURS, AND CONTINUING UNTIL
DISCHARGED FROM COMMUNITY SUPERVISION.


Appellant failed to report in person to his community supervision officer in Houston County as
ordered during August 1999. However, Appellant did report in person to his community supervision
officer in Tarrant County. The State of Texas (the "State") filed an amended motion to revoke
Appellant's community supervision on August 16, 2000. Among other things, (1) the State alleged that
Appellant had failed to report to his community supervision officer in Houston County during
August 1999. Appellant pleaded "not true" to the allegations and a hearing was held on the State's
motion. The trial court granted the State's motion, revoked Appellant's community supervision,
sentenced Appellant to imprisonment for two years, and this appeal followed.


Revocation of Community Supervision

 In revocation proceedings, the trial court is the sole trier of facts, the judge of the credibility
of the witnesses, and the weight to be given the testimony. See Taylor v. State, 604 S.W.2d 175, 179 

(Tex. Crim. App. 1980). It is the trial court's duty to determine whether the allegations in the
revocation motion are true. See Langford v. State, 578 S.W.2d 737, 739 (Tex. Crim. App. 1979). 
The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. See
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Community supervision may be
revoked upon a finding that a defendant has violated the terms and conditions of his community
supervision order. See Lee v. State, 952 S.W.2d 894, 897 (Tex. App.- Dallas 1997, no pet.). An
appellate court is limited to reviewing whether the trial court abused its discretion in revoking
community supervision. Id. The reviewing court must view the evidence presented at the revocation
hearing in the light most favorable to the trial court's ruling. See Garrett v. State, 619 S.W.2d 172,
174 (Tex. Crim. App. 1981). Proof of any one alleged violation is sufficient to support an order
revoking community supervision. See O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App.
1981). 

 In the case at hand, the record reflects that Appellant did not report in person to his
community supervision officer in Houston County, Texas during August 1999. Appellant argues
that by reporting twice per week to his community supervision officer in Tarrant County, he satisfied
the "in person" reporting requirements of his Community Supervision Order in the present case. 
Appellant cites no authority in support of this proposition, nor are we aware of any. Rather, based
on our interpretation of the trial court's order, we interpret its plain meaning to be that Appellant was
required to report to his community supervision officer in Houston County, Texas, in person. By
failing to report in the manner ordered by the trial court, Appellant violated the trial court's order. 
Therefore, we hold that the trial court did not abuse its discretion in revoking Appellant's community
supervision. Appellant's first issue is overruled. Moreover, as proof of any one alleged violation
is sufficient to support an order revoking community supervision, see O'Neal, 623 S.W.2d at 661,
we do not reach Appellant's second issue.


Ineffective Assistance of Counsel and Denial of Fair Hearing

 Appellant argues that his trial counsel was ineffective in that he failed to object in numerous
instances to testimony which constituted extraneous offenses or contained hearsay. The proper
standard by which to gauge the adequacy of representation by counsel is articulated in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See also Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in Strickland requires a two-step
analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e. did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms, and 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A "reasonable probability" was defined by the
Supreme Court as a "probability sufficient to undermine confidence in the outcome." Id. Counsel
is strongly presumed to have rendered adequate assistance and to have made all significant decisions
in the exercise of reasonable professional judgment. See Hernandez, 726 S.W.2d at 55.

 In the case at hand, even assuming arguendo that, as Appellant alleges, his trial counsel's
failure to object fell below an objective standard of reasonableness, such failure does not undermine
our confidence in the outcome of this case. Among the examples of testimony cited in Appellant's
brief, only one concerns his failure to report to his community supervision officer in August 1999. 
Specifically, Appellant complains that his trial counsel failed to object to hearsay testimony given
by William Hyman ("Hyman"), a Community Supervision Deputy Director from Houston County. 
Hyman testified as follows:



 What were the dates that he missed reporting?



 He failed to report for the months of August and September, 1999.




 And do you know what happened to him during these months?



 Well, we received information from his mother on August the 3rd, 1999 that he was staying with his
brother, Billy, and then August the 4th a contact with his mother said that he was in Arlington, Texas,
at his brother Billy's house. 



Hyman's answer to the first question that Appellant failed to report for the months of August and
September 1999 is clearly not hearsay. See Tex. R. Evid. 801(d). Neither the second question, nor
any other potentially inadmissible testimony addressed in Appellant's brief, is required to support
the revocation of Appellant's supervision. We iterate that proof of any one alleged violation is
sufficient to support an order revoking community supervision. See O'Neal, 623 S.W.2d at 661. 
Thus, even if Appellant's trial counsel had successfully objected in each instance cited in Appellant's
brief, and the trial court had stricken such testimony from the record, the fact remains that Hyman's
non-hearsay testimony supports that Appellant failed to report in person to his Houston County
community supervision officer during the month of August 1999. As such, we hold that, even
assuming that Appellant's trial counsel's failure to object fell below an objective standard of
reasonableness, the result of the case would not have been different. 

 In his fourth issue, Appellant contends that denial of a fair trial and denial of effective
assistance of counsel sometimes may be characterized as complements to one another and that due
to Appellant's ineffective assistance of counsel, Appellant likewise was denied a fair hearing. Given
our holding that Appellant's trial counsel's assistance was not ineffective, it follows, and we hold,
Appellant was not denied a fair hearing on the State's motion to revoke community supervision. 
Appellant's third and fourth issues are overruled.

 Accordingly, the trial court's order revoking Appellant's community supervision is affirmed.




 LEONARD DAVIS 

 Chief Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




































(DO NOT PUBLISH)


1. The State also alleged that Appellant failed to make certain payments of attorneys fees and restitution. 
Appellant's issue number two addresses these allegations. However, as a result of our disposition of Appellant's
issue number one, we do not reach Appellant's issue number two.