NO. 12-01-00175-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CARL LEE ROBERTS,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Appellant Carl Lee Roberts appeals the trial court's judgment revoking his probation and
sentencing him to six years in prison for possession of a controlled substance. We affirm.

 On November 7, 2000, Appellant pleaded guilty to possession of a controlled substance, a
felony of the third degree, pursuant to a plea agreement. See Tex. Health & Safety Code Ann.
§ 481.115 (Vernon Supp. 2002). The trial court assessed punishment at imprisonment for six years,
probated for six years, and a fine of $2000. 

 In March 2001, the State filed a motion to revoke Appellant's probation which alleged
several violations of probation. On May 31, 2001, the trial court held a hearing on the State's motion
to revoke. At the conclusion of the hearing, the court found that Appellant had violated the terms
and conditions of his probation, revoked Appellant's probation, and sentenced him to six years in
prison.


Standard of Review

 We review a trial court's decision to revoke an order of community supervision under the
abuse of discretion standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An
abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992). 

 The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In determining the sufficiency of the
evidence to sustain a probation revocation, we view the evidence in the light most favorable to the
trial court's ruling. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).
When several violations are found by the court, the order revoking probation shall be affirmed if the
proof of any allegation is sufficient. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
[Panel Op.] 1980). In other words, proof of any one alleged violation is sufficient to support an
order revoking community supervision. See O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App.
1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Garrett, 619 S.W.2d at 174.


Analysis

 In his second issue, Appellant contends that certain of the conditions of probation were vague
and ambiguous and that the trial court abused its discretion by finding that the allegations were true
by a preponderance of the evidence. 

 A trial court has broad discretion to impose conditions of probation. Greathouse v. State,
33 S.W.3d 455, 459 (Tex. App.-Houston[1st Dist.] 2000, pet. ref'd). The conditions must be "clear,
explicit, and unambiguous so that the probationer understands what is expected of him." Id. 
Allegations that the conditions of probation are vague concern Appellant's conviction and
punishment, and, thus, should be raised by timely appeal when Appellant is placed on probation
rather than after the revocation of Appellant's probation. See Anthony v. State, 962 S.W.2d 242,
246 (Tex. App.-Fort Worth 1998, no pet.). The failure to timely appeal from a conviction resulting
in community supervision waives the right to appeal. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 23(b) (Vernon Supp.2002); Satterwhite v. State, 36 S.W.3d 145, 149 (Tex. App.-Houston [1st
Dist.] 2000, pet. ref'd). Because Appellant did not appeal his conviction on the basis that the terms
and conditions of probation were vague and ambiguous when probation was originally imposed, he
may not complain that the conditions are vague and ambiguous for the first time on appeal from
revocation of his probation. Therefore, we consider only whether the evidence was sufficient by a
preponderance of the evidence to support the trial court's revocation of Appellant's probation.

 The following order appears among the conditions of Appellant's probation:



 Report to the Community Supervision Officer at the Community Supervision and Corrections
Department, Anderson/Cherokee County, Texas, as directed by the Court and your
Community Supervision Officer, beginning immediately and at least once each calendar
month, and continuing until you are discharged from community supervision, and obey all
rules and regulations of the Community Supervision and Corrections Department.




 At the hearing on the State's motion to revoke Appellant's probation, Anderson County
Probation Officer Jennifer Ziechang ("Ziechang") testified that she met with Appellant after he was
placed on probation on November 7, 2000, to complete the intake process. Ziechang informed
Appellant, who lived in Cherokee County, that he was to begin reporting in person to the Cherokee
County probation office once he was contacted by that office.

 Cherokee County Probation Officer Carl Phillips ("Phillips") testified that on December 15,
2000, he received a written request from the Anderson County probation office for the Cherokee
County probation office to provide courtesy supervision of Appellant. On December 18, 2000,
Phillips mailed a letter to Appellant instructing him to report to the Cherokee County probation
office on January 10, 2001, at two o'clock p.m. The letter, mailed to the address which Appellant
had provided to Ziechang, was not returned. After Appellant failed to report on January 10, Phillips
called the phone number which Appellant had provided to Ziechang and was informed that no one
at that number knew Appellant. On January 24, 2001, Phillips informed the Anderson County
probation office that Appellant had failed to report. On January 31, 2001, at the request of the
Anderson County probation office, the Cherokee County probation office sent a letter to Appellant
instructing him to report on February 8, 2001. Appellant apparently received the second letter, which 
was sent to the same address as the first letter, because Appellant reported to the Cherokee County
probation office in February as instructed.

 The trial court found, among other violations, that Appellant violated the terms and
conditions of his probation by failing to report as ordered for the month of January 2001. Viewed
in the light most favorable to the trial court's ruling, evidence in the record supports the trial court's
finding that Appellant violated at least one condition of his probation, and, therefore, we hold that
the trial court did not abuse its discretion by revoking Appellant's probation. See Moore, 605
S.W.2d at 926; O'Neal, 623 S.W.2d at 661. Appellant's second issue is overruled. 

 Based upon our disposition of Appellant's second issue, we need not address Appellant's first
issue. Accordingly, the judgment of the trial court is affirmed.




Opinion delivered March 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






























(DO NOT PUBLISH)