*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00315-CR

Montez **THOMAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-9142W
Honorable Sharon MacRae, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Steven C. Hilbig, Justice

Delivered and Filed:   March 11, 2009

AFFIRMED

Montez Thomas was placed on deferred adjudication community supervision for a period of five years after pleading no contest to burglary of a habitation pursuant to a plea bargain with the State. Two months later, the State filed a motion to revoke Thomas's community supervision and adjudicate him guilty, alleging Thomas violated his community supervision.  After an evidentiary hearing, the trial court found the allegations in the motion "true," revoked Thomas's community supervision, and adjudicated him guilty of burglary of a habitation.  The court sentenced Thomas to

ten years incarceration. Thomas appeals the judgment, arguing the trial court abused its discretion because the evidence was insufficient to show he violated any of the conditions.

The trial court was authorized to revoke Thomas's community supervision and adjudicate his guilt on the original charge on proof Thomas violated any condition of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon Supp. 2008). The State bore the burden to prove by a preponderance of the evidence that Thomas violated at least one of the conditions. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). We review the trial court's decision to proceed with an adjudication of guilt for abuse of discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon Supp. 2008) (determination to proceed with adjudication of guilt on original charge is reviewable in same manner as order revoking community supervision); *Rickels*, 202 S.W.3d at 763 (order revoking community supervision reviewed for abuse of discretion).[1] The trial court does not abuse its discretion if the order revoking community supervision is "'supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Rickels*, 202 S.W.3d at 763-764 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). In our review, we view the evidence in the light most favorable to the trial court's ruling, *see Cardona v. State*, 665 S.W.2d 492 (Tex. Crim. App. 1984), and "defer not only to [the] trial judge's resolution of disputed facts, but also to his right to draw

---

[1] Although Thomas recognizes the proper standard of review is abuse of discretion, he argues the evidence he violated his community supervision is "factually insufficient." Thomas urges us to "review the trial evidence in a neutral light" and apply the factual sufficiency standards set forth in *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The factual sufficiency review applicable to findings of guilt has no application in a review of whether the trial court abused its discretion in revoking community supervision. *See, e.g.*, *Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.—Corpus Christi 2005, no pet.); *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd); *Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd).

reasonable inferences from those facts." *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).

The State alleged Thomas violated condition number one of his community supervision, which required he not commit any offense, by committing the offense of "Terroristic Threats." A person commits the offense of terroristic threat if he threatens to commit a crime of violence to any person with the intent of placing any person in fear of imminent serious bodily injury. TEX. PENAL CODE ANN. §22.07(a)(2) (Vernon Supp. 2008). The gravamen of the offense is the "threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury." *Williams v. State*, 194 S.W.3d 568, 574 (Tex. App.—Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 353 (Tex. Crim. App. 2008). "It is not necessary for the victim to actually be placed in fear of imminent serious bodily injury or for the accused to have the capability or the intention to actually carry out the threat." *Id.* at 574-75.

The State presented the testimony of Mrs. Tanyell Waiters in support of the allegation. Mrs. Waiters testified about her family's history with Thomas, explaining Thomas believed Mrs. Waiters's husband had caused one of Thomas's friends to be fired. Thomas and his friends had retaliated against her family during the year preceding the hearing by shooting at her house on eighteen separate occasions and by assaulting her son, rendering him unconscious. In response, she has had to move two times. On January 8, 2008, Mrs. Waiters's son called her from school and told her Thomas and a number of his friends were standing outside his classroom. Mrs. Waiters went to the high school to withdraw her son from the school because she feared for his safety. While Mrs. Waiters and her son were waiting in the office, Thomas was there staring at her. She testified an officer told her she could go to the main office if she was uncomfortable. As she and her son walked

into the hall toward the main office, Thomas followed them and said, "B\*\*ch, I'm going to finish off what my brothers didn't do." "Your whole family is dead." Thomas did not present any evidence.

Thomas contends the State's evidence was insufficient because "[n]o other witnesses present overheard what words were exchanged between Ms. Waiters and Mr. Thomas" and because "[t]he trial court failed to consider Waiter's [sic] motivation for her testimony." Thomas cross-examined Mrs. Waiters about her ability to hear in the school hallway, and the fact that nobody else present heard what words Thomas said to her. He also elicited testimony that there was a great deal of animosity between Waiters's family and Thomas's, and that Thomas had previously accused her of shooting him in the leg. The trial court was the sole judge of the credibility of Waiters's testimony and the weight to be given it. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Plunk v. State*, No. 05-07-01737-CR, 2009 WL 332254 (Tex. App.—Dallas, Feb. 12, 2009, no pet. h.). The court did not abuse its discretion by choosing to believe Mrs. Waiters's testimony. Thomas has failed to show the trial court abused its discretion in finding the allegation Thomas violated the first condition of his community supervision to be true. Because a single violation of the terms of community supervision will support a revocation order, we affirm the trial court's judgment. *See O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981).

Steven C. Hilbig, Justice

Do Not Publish