Affirmed and Memorandum Opinion filed April 7, 2009








Affirmed and Memorandum Opinion filed April 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00012-CR

____________

 

MARK THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1112309

 



 

M E M O R A N D U M   O P I N I O N

Appellant Mark Thomas appeals the trial court=s order
adjudicating his guilt, sentencing him to 20 years= confinement, and
assessing a fine of $1,000 for the offense of aggravated assault.  Appellant
contends that the trial court abused its discretion in granting the State=s motion to
adjudicate based on the testimony the State presented at the adjudication
hearing.  We affirm.








Background

Appellant pleaded guilty to the offense of aggravated
assault on April 26, 2007.  The trial court deferred adjudication of guilt for
the aggravated assault, in which appellant Apulled a gun on
[his common law wife Sharon Turner] and her son.@ The trial court
placed appellant on community supervision for five years and assessed a $1,000
fine.  On December 3, 2007, the State filed a motion to adjudicate appellant=s guilt alleging
that he violated the terms and conditions of community supervision by:
(1) committing an offense against the State of Texas on November 29, 2007 and
causing Abodily injury to
SHARON DENIS TURNER, a MEMBER OF THE DEFENDANT=S HOUSEHOLD . . .
by STRIKING THE COMPLAINANT WITH HIS HAND;@ (2) failing to
participate in the Community Service Restitution Program; (3) failing to pay
supervision fees, laboratory processing fees, court costs, and a fine; and (4)
failing to participate in an anger management treatment program. 

The trial court conducted a hearing on the State=s motion to adjudicate
on December 19, 2007.  At the hearing, appellant=s common law wife
Sharon Turner testified that she and appellant were returning home to their
apartment complex on November 29, 2007.  As she was entering the apartment
complex, she hit the gate with their car because it was dark and she was unable
to see well.  The complainant testified that she and appellant both got
upset about her hitting the gate, but that their argument became physical when
they arrived at their apartment.  The complainant further testified that
appellant struck her on the back and then on her wrist twice with his cane,
causing bruising and swelling on her wrist.  Appellant also pulled her hair as
she was leaving the apartment to go to a gas station to call 9-1-1 for help. 
The complainant testified that she was upset and crying.  








Deputy Terrance Burks responded to the call.  He testified
that when he met the complainant Aher clothes were
kind of in disarray,@ A[h]er hair was
messed up,@ and she was crying.  He testified that the
complainant appeared stressed.  He also stated that the complainant told him
that Ashe had an
argument with [appellant],@ Ahe was upset
because they had a car crash, and [appellant] hit her several times with a
closed fist, open hand and with his cane.@  Deputy Burks
observed that her wrist was swollen and that A[s]he had redness,
swelling, discoloration to her face.@  He believed that
the swelling to her eye and face were caused by appellant hitting her with his
hand, and that the swelling to her wrist was caused by appellant hitting the
complainant with his cane.

Appellant also testified at the hearing.  He denied
striking the complainant with his cane or fist and claimed that she suffered
her injuries when she hit the gate with the car.  According to appellant, the
complainant hit her head on the steering wheel.  Appellant also claimed that
the complainant grabbed his hand as she was leaving the apartment Ain order to
provoke [him] to do something@ because she knew he suffered from
rheumatoid arthritis.  Appellant testified that the complainant lied when she
claimed he assaulted her, and that he was Athe victim in this
case.@  Appellant
admitted that he Ahad two prior assaults of a family member
cases against [his] wife, [the complainant]@ and that he was
on deferred adjudication for aggravated assault because he Apulled a gun on
[the complainant] and her son.@

The trial court=s liaison officer,
Janie Hernandez, also testified at the hearing.  She stated that appellant did
not comply with the terms and conditions of community supervision
because he was delinquent in performing community service hours and paying his
supervision fees, laboratory processing fees, court costs, and fine.  Hernandez
also testified that appellant failed to participate in an anger management
program as required by the terms and conditions of community
supervision.

The trial court found that appellant violated the terms of
his community supervision, found appellant guilty of aggravated assault as
originally charged, and sentenced him to 20 years= confinement and
assessed a $1,000 fine.  Appellant timely filed this appeal.








Analysis

A defendant may appeal from an imposition of guilt from
deferred adjudication occurring after June 15, 2007.  See Tex. Code
Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2008).  An imposition
of guilt is reviewed in the same manner as a revocation of community
supervision.  Id. 

We review a trial court=s order revoking
community supervision under an abuse of discretion standard.  See Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State,
11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  In
conducting our review, we consider all the evidence in the light most favorable
to the trial court=s finding to determine whether the trial
court reasonably could have found that appellant violated the terms and
conditions of his community supervision by a preponderance of the evidence.  See
Rickels, 202 S.W.3d at 763‑64.  The State satisfies its burden of
proof when the greater weight of credible evidence before the court creates a
reasonable belief that it is more probable that the defendant has violated a
condition of community supervision.  Id.; Joseph v. State, 3
S.W.3d 627, 640 (Tex. App.CHouston [14th Dist.] 1999, no pet.). Proof
of any one of the alleged violations is sufficient to support a revocation of
community supervision.  Sanchez v. State, 603 S.W.2d 869, 871 (Tex.
Crim. App. [Panel Op.] 1980); Moore, 11 S.W.3d at 498.  The trial court
is the sole trier of fact and determines the credibility of the witnesses and
the weight to be given to their testimony.  See Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]1981).








Although the trial court found that appellant committed
several specific violations of the terms and conditions of community
supervision, appellant challenges only one of the grounds on appeal, devoting
his entire argument to his contention that the trial court abused its
discretion by adjudicating appellant=s guilt based on
insufficient evidence of the offense against the laws of the state C the November 29,
2007 assault. Appellant makes a single statement that A[h]is other minor
technical violations would not have been sufficient on their own,@ but he fails to
cite to the record or provide any legal authority to support this contention,
and therefore he has waived any such argument.  See Tex. R. App. P.
38.1(i).

Moreover, by failing to challenge the other bases for the
trial court=s ruling, appellant cannot demonstrate that the trial
court abused its discretion in adjudicating his guilt. Proof of any one of the
alleged violations will support the trial court=s judgment.  See
O=Neal v. State, 623 S.W.2d 660,
661 (Tex. Crim. App. 1981).  Thus, even if appellant were to prevail on the one
argument he asserts on appeal, he still could not establish an abuse of
discretion because there remain several unchallenged bases for the trial court=s judgment.  

Notwithstanding appellant=s waiver and
procedural default, in the interest of justice we address his argument that the
trial court abused its discretion by granting the State=s motion to
adjudicate his guilt because he had a reasonable explanation for the
complainant=s injuries Deputy Burks observed Aas well as an
explanation for the events that led to this charge.@  Although
appellant acknowledges that the fact finder determines the credibility of the
witnesses, he claims that the trial court should not have adjudicated him based
upon Deputy Burks=s testimony because Athe court could
not judge [the complainant] herself, only the officer.@

Contrary to appellant=s assertion that
the trial court did not hear from the complainant at the hearing and
adjudicated appellant=s guilt based only upon Deputy Burks=s testimony, the
record clearly reflects that the complainant herself testified that appellant
assaulted her.  She stated that appellant pulled her hair, struck her on the
back with his cane, and also struck her on the wrist with his cane causing
swelling and bruising.  Deputy Burks confirmed the complainant=s assertions. 








Although appellant testified that he did not assault the
complainant and that she suffered her injuries when she hit the gate with their
car, the trial court was free to believe the complainant and disbelieve
appellant.  Viewing the evidence in the light most favorable to the trial court=s finding, we
conclude the trial court acted within its discretion in finding that appellant
assaulted the complainant in violation of state law and the conditions of
community supervision.  Accordingly, we overrule appellant=s sole issue.

Conclusion

The judgment of the trial court is affirmed.

 

 

 

/s/      William J. Boyce

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).