**Opinion filed January 27, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00242-CR

_____

### JONATHAN KIP JONES, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Throckmorton County, Texas**
**Trial Court Cause No. 1193**

### M E M O R A N D U M   O P I N I O N

The trial court revoked Jonathan Kip Jones's community supervision, adjudicated his guilt, and sentenced him to sixty years confinement and a $2,500 fine. We affirm.

#### I. *Background Facts*

Jones was indicted for aggravated sexual assault. He reached a plea bargain with the State and was placed on eight years deferred adjudication. Approximately two years later, the State filed a motion to revoke community supervision and adjudicate guilt. The State alleged that Jones had violated seventeen conditions of his community supervision. Jones pleaded true with explanation to eight violations. The trial court conducted an evidentiary hearing and found that Jones violated thirteen conditions and adjudicated him guilty of aggravated assault. The trial court then conducted a sentencing hearing and assessed Jones's punishment at sixty years confinement and a $2,500 fine.

## II. *Issues*

Jones argues in a single issue that the trial court abused its discretion by adjudicating him guilty and by sentencing him to confinement.

## III. *Discussion*

We review the trial court's decision to revoke community supervision and adjudicate guilt for an abuse of discretion, and we examine the record in a light most favorable to the trial court's judgment. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). To revoke community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 21 (Vernon Supp. 2010). A single violation is sufficient to support a revocation. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). A defendant's plea of true, standing alone, is sufficient to support the finding of a violation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). We review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Jones acknowledges the import of his pleas of true but, nonetheless, argues that the trial court's decision is still reviewable for an abuse of discretion because the court could have also "continued, modified, amended, or extended the period of his community supervision and the terms and conditions thereof." The fact that the trial court selected one from a list of several possible alternatives means, by definition, that it did not abuse its discretion.

Jones next argues that his violation explanations precluded the imposition of imprisonment. We disagree. First, explanations do not alter the fact that Jones pleaded true to eight violations and, therefore, do not diminish the trial court's authority to revoke his community supervision solely on that basis. *See Moses*, 590 S.W.2d at 470 (trial courts have no duty to withdraw a plea of true in a revocation proceeding even if a probationer presents a defensive issue). Second, the trial court was not required to accept the explanations because this necessarily requires a credibility determination. Jones admitted the following: drinking alcohol -- but said that he only sipped from his girlfriend's mixed drink and only once; going into a liquor store once -- but only to cash a paycheck; not performing his community service hours -- but claimed he understood that he could pay $100 a month in lieu of working; that his ex-wife sent him three pictures and that he responded by sending her a picture of his penis -- but said that he

2

did not realize this was improper; taking pictures of his girlfriend in her panties and of her breasts -- but claimed that he deleted them that same night; and missing several treatment sessions -- but said that he always had a medical excuse or was out of town for work and did not have cell phone service. The trial court could have reasonably concluded that Jones's explanations were incredible or that they did not excuse compliance. In either event, the trial court would have been within its discretion to adjudicate Jones's guilt.

The trial court, however, also had other evidence of Jones's noncompliance. Steven Cody Ott, a community supervision officer, testified that Jones had not paid all of his required fees, fines, and court costs; failed to report in writing one month; failed to complete his community service hours; and missed sex offender classes and was unsuccessfully discharged from sex offender counseling. Don West, a polygraph examiner, testified that Jones admitted consuming alcohol, being in the presence of marihuana, associating with a convicted sex offender, entering a liquor store, being alone with a nine-year-old, possessing pornographic pictures on his phone, and watching R-rated movies. This evidence is also sufficient to justify the trial court's exercise of discretion.

Finally, Jones argues that counsel's failure to lodge objections and urge available defenses indicates that he received ineffective assistance of counsel. Jones does not, however, state what objections counsel failed to make or what defenses counsel did not raise. Consequently, this point has not been preserved for review.

The trial court did not abuse its discretion by revoking Jones's community supervision, adjudicating his guilt, and sentencing him to sixty years confinement. Jones's issue is, therefore, overruled.

## IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE

January 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.