Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00242-CR 

                                                    __________

 

                                JONATHAN
KIP JONES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

                                                     Throckmorton
County, Texas

                                                       Trial
Court Cause No. 1193

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court revoked Jonathan Kip Jones’s community supervision, adjudicated his
guilt, and sentenced him to sixty years confinement and a $2,500 fine.  We
affirm.

I.      
Background Facts

Jones
was indicted for aggravated sexual assault.  He reached a plea bargain with the
State and was placed on eight years deferred adjudication.  Approximately two
years later, the State filed a motion to revoke community supervision and
adjudicate guilt.  The State alleged that Jones had violated seventeen
conditions of his community supervision.  Jones pleaded true with explanation
to eight violations.  The trial court conducted an evidentiary hearing and
found that Jones violated thirteen conditions and adjudicated him guilty of
aggravated assault.  The trial court then conducted a sentencing hearing and
assessed Jones’s punishment at sixty years confinement and a $2,500 fine.

II.   
Issues

Jones
argues in a single issue that the trial court abused its discretion by
adjudicating him guilty and by sentencing him to confinement.

III.
 Discussion

We
review the trial court’s decision to revoke community supervision and
adjudicate guilt for an abuse of discretion, and we examine the record in a
light most favorable to the trial court’s judgment.  Moore v. State, 11
S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  To revoke
community supervision, the State must prove by a preponderance of the evidence
every element of at least one ground for revocation.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§§ 5(b), 21 (Vernon Supp. 2010).  A single violation is sufficient to support a
revocation.  O’Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App.
1981).  A defendant’s plea of true, standing alone, is sufficient to support
the finding of a violation.  Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. 1979).  We review the evidence in the light most favorable to the
trial court’s ruling.  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. 1981).  The trial court is the sole judge of the credibility of the
witnesses and the weight to be given to their testimony.  Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

Jones acknowledges the import of his pleas of true but,
nonetheless, argues that the trial court’s decision is still reviewable for an
abuse of discretion because the court could have also “continued, modified,
amended, or extended the period of his community supervision and the terms and
conditions thereof.”  The fact that the trial court selected one from a list of
several possible alternatives means, by definition, that it did not abuse its
discretion.

Jones next argues that his violation explanations precluded
the imposition of imprisonment.  We disagree.  First, explanations do not alter
the fact that Jones pleaded true to eight violations and, therefore, do not
diminish the trial court’s authority to revoke his community supervision solely
on that basis.  See Moses, 590 S.W.2d at 470 (trial courts have no duty
to withdraw a plea of true in a revocation proceeding even if a probationer
presents a defensive issue).  Second, the trial court was not required to
accept the explanations because this necessarily requires a credibility
determination. Jones admitted the following: drinking alcohol -- but said that he
only sipped from his girlfriend’s mixed drink and only once; going into a liquor
store once -- but only to cash a paycheck; not performing his community service
hours -- but claimed he understood that he could pay $100 a month in lieu of
working; that his ex-wife sent him three pictures and that he responded by
sending her a picture of his penis -- but said that he did not realize this was
improper; taking pictures of his girlfriend in her panties and of her breasts
-- but claimed that he deleted them that same night; and missing several
treatment sessions -- but said that he always had a medical excuse or was out of
town for work and did not have cell phone service. The trial court could have
reasonably concluded that Jones’s explanations were incredible or that they did
not excuse compliance.  In either event, the trial court would have been within
its discretion to adjudicate Jones’s guilt.

The trial court, however, also had other evidence of
Jones’s noncompliance.  Steven Cody Ott, a community supervision officer,
testified that Jones had not paid all of his required fees, fines, and court
costs; failed to report in writing one month; failed to complete his community
service hours; and missed sex offender classes and was unsuccessfully
discharged from sex offender counseling.  Don West, a polygraph examiner,
testified that Jones admitted consuming alcohol, being in the presence of marihuana,
associating with a convicted sex offender, entering a liquor store, being alone
with a nine-year-old, possessing pornographic pictures on his phone, and
watching R-rated movies.  This evidence is also sufficient to justify the trial
court’s exercise of discretion.

Finally, Jones argues that counsel’s failure to lodge
objections and urge available defenses indicates that he received ineffective
assistance of counsel.  Jones does not, however, state what objections counsel
failed to make or what defenses counsel did not raise.  Consequently, this
point has not been preserved for review.  

The trial court did not abuse its discretion by revoking
Jones’s community supervision, adjudicating his guilt, and sentencing him to
sixty years confinement.  Jones’s issue is, therefore, overruled.

IV.
Conclusion

            The
judgment of the trial court is affirmed.

 

            

RICK STRANGE

JUSTICE

January 27, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.