# CONCURRING OPINION

No. 04-10-00804-CR

Lino **DONATO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 07-01-00017-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Karen Angelini, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:          Karen Angelini, Justice
                  Steven C. Hilbig, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:  July 13, 2011

Although I agree the judgment of the trial court should be affirmed, I cannot join the

majority opinion in its entirety because it addresses issues this court need not decide.  I do not

join the portions of the opinion labeled "Admission of Guilt" and "Polygraph Evidence."

Lino Donato appeals the revocation of his community supervision.  The State's motion to

enter adjudication of guilt alleged Donato failed to comply with three conditions of his

community supervision — rules 27, 28, and 46.[1]  In addition, the motion contained three

paragraphs alleging separate violations of rule 27, which required Donato to "complete any and

all psychological counseling, education and treatment for sex offenders."  The State alleged

Donato violated rule 27 by: (A) failing to attend required counseling sessions; (B) not complying

with the rules and regulations of the South Texas Offender Program; and (C) not complying with

---

[1] Apparently, the court and probation office labels each condition of community supervision a "rule."

the rules and regulations of Wodkins and Reed Counseling Services. At the conclusion of the hearing on the motion, the trial court stated:

> As to Rule number 27 (A) I find to be true as to November 29, 2007, and January 31, 2008. Those were the two group sessions that were missed and could not have been made up.
>
> As to Paragraph B in Rule 27, I find to be true.
>
> Rule C or Paragraph C as to Rule 27, I find to be true.

The trial court revoked Donato's community supervision and adjudicated him guilty based on the evidence that Donato violated rule 27 in each of the three manners alleged.

We review a trial court's decision to revoke community supervision and enter an adjudication of guilt under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court's judgment will be upheld if the evidence is sufficient under any ground alleged. *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981) (panel op.); *Flournoy v. State*, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979) (panel op.).

As discussed in the majority opinion, there was sufficient evidence to support the trial court's finding that Donato failed to complete "any and all psychological counseling, education and treatment for sex offenders" in violation of rule 27 by failing to attend the group therapy sessions on the dates stated by the court. Having determined the trial court did not abuse its discretion by basing its decision to revoke Donato's community supervision and enter an adjudication of guilt on his failure to comply with rule 27 by missing the group therapy sessions, this court need not consider whether the trial court abused its discretion by basing its decision on the remaining allegations. *See O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981) ("proof of any violation of the terms of probation will support an order revoking probation"); Tex. R. App. P. 47.1 ("court of appeals must hand down a written opinion that is as brief as

practicable but that addresses every issue raised **and necessary** to final disposition of the appeal") (emphasis added).

Steven C. Hilbig, Justice