Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00286-CR 

                                                    __________

 

                            JERMAINE
CRAIG HARRIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. CR 102,428

 



 

                                            M
E M O R A N D U M   O P I N I O N

Jermaine
Craig Harris appeals from the trial court’s judgment revoking his community
supervision.  Upon revoking Jermaine Craig Harris’s community supervision, the
trial court assessed his punishment at 180 days in the Midland County Jail and
a fine of $2,000.  Harris contends in a single point on appeal that the trial
court abused its discretion in revoking his community supervision because the
evidence is insufficient to support the revocation.  We affirm.

Among
the allegations contained in the motion to revoke community supervision is the
State’s allegation that Harris failed to report to the probation officer as
directed on the 15th day of January, April, May, June, July, and August 2008. 
Harris’s probation officer testified that after March 26, 2008, Harris no
longer reported to the probation office, after having said he was not going to
comply with the conditions of probation.  The Judgment Revoking Community
Supervision Sentence to the Midland County Jail reflects that the trial judge,
in revoking Harris’s community supervision, found that Harris violated this condition
of his community supervision.  While Harris makes several arguments relating to
the insufficiency of the evidence as to the other conditions alleged in the
State’s motion to revoke, he makes no argument and presents no authority as to
why the evidence was insufficient to support the trial court’s finding of his
failing to report to the probation officer as directed.  As Harris himself
acknowledges, proof by a preponderance of the evidence of any one of the
allegations brought against the defendant by the State is sufficient to support
an order revoking the defendant’s community supervision.  O’Neal v. State,
623 S.W.2d 660, 661 (Tex. Crim. App.  1981).  Therefore, we hold that the trial
court did not abuse its discretion in revoking Harris’s community supervision. 
We overrule Harris’s sole point of error.

The
judgment revoking Harris’s community supervision is affirmed.

 

                                                                                                PER
CURIAM

                                                                        

August 31, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.