**Opinion filed August 31, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00286-CR

_____

## JERMAINE CRAIG HARRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CR 102,428**

### M E M O R A N D U M   O P I N I O N

Jermaine Craig Harris appeals from the trial court's judgment revoking his community supervision. Upon revoking Jermaine Craig Harris's community supervision, the trial court assessed his punishment at 180 days in the Midland County Jail and a fine of $2,000. Harris contends in a single point on appeal that the trial court abused its discretion in revoking his community supervision because the evidence is insufficient to support the revocation. We affirm.

Among the allegations contained in the motion to revoke community supervision is the State's allegation that Harris failed to report to the probation officer as directed on the 15th day of January, April, May, June, July, and August 2008. Harris's probation officer testified that after March 26, 2008, Harris no longer reported to the probation office, after having said he was not going to comply with the conditions of probation. The Judgment Revoking Community Supervision Sentence to the Midland County Jail reflects that the trial judge, in revoking Harris's community supervision, found that Harris violated this condition of his community supervision. While Harris makes several arguments relating to the insufficiency of the evidence as to the other conditions alleged in the State's motion to revoke, he makes no argument and presents no authority as to why the evidence was insufficient to support the trial court's finding of his failing to report to the probation officer as directed. As Harris himself acknowledges, proof by a preponderance of the evidence of any one of the allegations brought against the defendant by the State is sufficient to support an order revoking the defendant's community supervision. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). Therefore, we hold that the trial court did not abuse its discretion in revoking Harris's community supervision. We overrule Harris's sole point of error.

The judgment revoking Harris's community supervision is affirmed.

PER CURIAM

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.