**AFFIRM; and Opinion Filed July 12, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00644-CR**
**No. 05-12-00645-CR**

**WRYAN EARL COLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-27179-Y & F11-58156-Y**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Appellant Wryan Earl Cole appeals his convictions for child endangerment and burglary of a habitation. Appellant was initially placed on deferred adjudication probation for the offenses, but was later adjudicated guilty of both offenses. The trial court assessed punishment at two years' confinement in each case. In a single point of error, appellant contends the trial court erred in admitting testimony in violation of the Confrontation Clause. For the following reasons, we affirm appellant's convictions.

Appellant pleaded guilty to the offenses and was placed on deferred adjudication probation for five years. The State filed a motion to proceed with an adjudication of guilt alleging appellant violated the terms and conditions of his probation by committing the offense of evading detention, failing to obtain suitable employment, failing to pay community

supervision fees, failing to submit to a urinalysis, and engaging in contact with Cinnamon Ditto. Appellant pleaded not true to the allegations in the State's motions.

To prove appellant's probation violations, the State called Dallas Probation Officer Mark Jones. Jones testified he reviewed appellant's probation "supervision file." The file showed various probation violations reported by appellant's probation officer, Ms. Bloodworth. Appellant objected that the testimony violated his rights under the Confrontation Clause. The trial court overruled appellant's objection.

The State also called Officer Jerry Chitwood. Chitwood testified he was called to a disturbance at a motel involving appellant and Cinnamon Ditto. The motel manager told Chitwood he would not allow appellant and Ditto into a room they claimed they had rented because they did not have identification. Chitwood instructed appellant and Ditto to leave the premises. Chitwood was later called back to the location because Ditto was attempting to break into the room. Appellant was also at the location and the officers decided to detain him for further investigation. When the officer attempted to pat appellant down for weapons, appellant started "pulling away" from the officers. A tussle ensued. The officer acknowledged however that appellant did not attempt to flee from the officers. Following the hearing, the trial court stated it was finding the evading detention allegation not true, but the remaining allegations true.

In a single issue, appellant contends the trial court erred in permitting a probation officer to testify from appellant's probation file in violation of his rights under the Confrontation Clause as enunciated in *Crawford v. Washington,* 541 U.S. 36 (2004). However, regardless of whether the trial court erred in admitting the complained-of testimony, the State proved appellant violated the conditions of his probation through the testimony of Officer Chitwood. Proof of any single violation of probation will support a revocation order. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.).

Consequently, we cannot conclude the trial court abused its discretion in revoking appellant's probation. In reaching this conclusion, we reject appellant's suggestion that the trial court found the allegation that he had contact with Ditto "not true" based on its finding of not true to the allegation he committed another offense because those allegations were "part-and-parcel" of the same finding. The evidence clearly supported the trial court's findings that appellant engaged in contact with Ditto, but did not commit the evading arrest offense. We resolve the sole issue against appellant and affirm the trial court's judgments.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
Tex. R. App. 47

120644F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WRYAN EARL COLE, Appellant

No. 05-12-00644-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-27179-Y.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WRYAN EARL COLE, Appellant

No. 05-12-00645-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-58156-Y.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE