**Opinion filed August 15, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00268-CR

_____

## TRINITY LYNN ROBERTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR19796**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. A jury convicted Appellant, Trinity Lynn Roberts, of sexual assault. The same jury assessed her punishment at confinement for four years but recommended that the trial court place her on community supervision. In accordance with the jury's recommendation, the trial court suspended the imposition of the sentence as to confinement and placed Appellant on community supervision for a term of four

years. The State filed a motion to revoke. Following a hearing, the trial court revoked Appellant's community supervision and assessed her punishment at confinement for four years. In a single appellate issue, Appellant contends that the trial court abused its discretion by revoking her community supervision. We affirm.

The State alleged in its motion to revoke that Appellant had committed five violations of the terms of her community supervision. Specifically, the State moved to revoke on the following grounds: (1) that Appellant failed to comply with sex offender registration requirements; (2) that Appellant changed her residence without the permission of her community supervision officer; (3) that Appellant traveled out of the State of Texas without the permission of her community supervision officer; (4) that Appellant went to the Sherwood swimming pool, a place where children congregate; and (5) that Appellant went to the Balmorhea State Park swimming pool, a place where children congregate. The trial court conducted a hearing on the State's motion. Appellant pleaded "not true" to the allegations in the State's motion. After hearing evidence, the trial court found the third allegation to be not true and found the first, second, fourth, and fifth allegations to be true.

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A single, sufficient ground for revocation will support a trial court's judgment revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). On appeal, Appellant challenges the sufficiency of the evidence to support the trial court's true findings on the first and second allegations. She contends that, because the evidence was insufficient to support those findings, the revocation of her community supervision violated her rights to due process of law and due course of law. However, Appellant does not challenge

2

the trial court's findings as to the fourth and fifth allegations. A trial court's order revoking community supervision will be affirmed if an appellant does not challenge all of the grounds upon which the trial court revoked community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App, 1980). The revocation of Appellant's community supervision is justified on the grounds not challenged on appeal. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *Moore*, 605 S.W.2d at 926. Therefore, the revocation did not violate Appellant's due process of law and due course of law rights, and the trial court did not abuse its discretion by revoking Appellant's community supervision.

We note that the State presented evidence to support the first and second allegations that Appellant failed to comply with sex offender registration requirements and that Appellant moved without the permission of her community supervision officer. Appellant presented conflicting evidence on these allegations. At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). Based on the evidence, the trial court could have reasonably concluded that Appellant committed the violations alleged in the State's first and second allegations. Appellant's sole issue on appeal is overruled.

We affirm the trial court's judgment revoking community supervision.

PER CURIAM

August 15, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.